FERNANDEZ, Circuit Judge,
concurring:
I concur in the majority’s conclusion that the district court erred in its handling of the nominative fair use defense. I write separately, however, because I cannot concur in all that is said by the majority.
First, and principally, I feel compelled to disassociate myself from statements by the majority which are not supported by the evidence or by the district court’s findings. I simply cannot concur in essentially factual statements whose provenance is our musings rather than the record and determinations by trier of fact. For example, on this record I do not see the basis for the majority’s assertion that the “relevant consumer is ... accustomed to shopping online”;[1] or that “[cjonsumers who use the internet for shopping are generally quite sophisticated”[2] so that they are not likely to be misled; or that “the worst that can happen is that some consumers may arrive at [a] site uncertain as to what they will find”;[3] or that, in fact, consumers are agnostic and, again, not likely to be misled; [4] or that “[Reasonable consumers *1186 would arrive at the Tabaris’ site agnostic as to what they would find.”[5]
Second, I am unable to join the gratuitous slap at counsel for Toyota in the majority opinion,[6], which I see as entirely unnecessary to our decision or even to the upholding of the marmoreal surface of the law.
Finally, I do not join the final textual paragraph, which nudges the district court to find pro bono counsel for the Tabaris, who have neither chosen to retain their own counsel nor demonstrated that they cannot do so. To the extent that the majority sees their activities as especially socially worthy and above reproach, I do not agree.
Thus, I respectfully concur in the result.

. Majority opinion, page 1176.

. Mat 1178.

. Mat 1179.

. Mat 1179.

. Id. at 1181-82.

. Id. at 1184 n. 12.